NATHAN K. LOW (SBN 299587)
E-Mail: nlow@fisherphillips.com
JASON P. BROWN (SBN 266472)
E-Mail: jbrown@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
AUTISM BEHAVIOR SERVICES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

DESTINY ARCHULETA, individually, and on behalf of other similarly situated employees,

        Plaintiff,

        v.

AUTISM BEHAVIOR SERVICES INC.; and DOES 1 through 25, inclusive,

        Defendant.

Case No: _____

**DEFENDANT AUTISM BEHAVIOR SERVICES INC.'s NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)**

*[Removed from Los Angeles Superior Court Action No.: 24STCV23664]*

State Action Filed: September 12, 2024
Removal Date:     November 12, 2024

# TABLE OF CONTENTS

Page(s)

I.    PROCEDURAL HISTORY ............................................................... 5

II.   TIMELINESS OF REMOVAL ......................................................... 6

III.  NOTICE PROVIDED TO STATE COURT AND PLAINTIFF ................ 6

IV.   REMOVAL IS BASED ON CAFA JURISDICTION ................................. 6

    A.    Size of the Class ..................................................................... 7

    B.    Minimal Diversity .................................................................. 7

    C.    Amount in Controversy ........................................................... 7

    D.    Baseline Facts ........................................................................ 8

    E.    Minimum Wage Claims .......................................................... 9

    F.    Overtime Claims .................................................................... 10

    G.    Meal Period Claims ............................................................... 10

    H.    Rest Period Claims ................................................................. 11

    I.    Untimely Wage Penalties ....................................................... 12

    J.    Wage Statement Penalties ....................................................... 12

    K.    Remaining Causes of Action Also Invoke Amounts in Controversy Albeit Speculative ........................................ 13

    L.    Attorneys' Fees ...................................................................... 13

    M.    Conclusion on Amount in Controversy ..................................... 14

V.    VENUE .................................................................................... 14

VI.   SERVICE OF NOTICE OF REMOVAL ON STATE COURT ................ 14

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (4th Cir. 2018) ...................................................................14

*Cohn v. PetsMart, Inc.*,
281 F.3d 837 (9th Cir. 2002) .....................................................................8

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014)...................................................................................9

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) .................................................................14

*Ibarra v. Manheim, Inc.*,
775 F.3d 1193 (9th Cir. 2015) ...................................................................9

*Lucas v. Michael Kors (USA), Inc.*,
No. CV 18*1608, 2018 U.S. Dist. LEXIS 78510................................14

*Mamika v. Barca*,
68 Cal.App.4th (1998) ..............................................................................13

*Stafford v. Dollar Tree Stores*,
No. 2:13-cv-01187, 2014 U.S. Dist. LEXIS 42564 (E.D. Cal. March
28, 2014) ......................................................................................................14

*Stevenson v. Dollar Tree*,
No. 2:11-cv-1433, 2011 U.S. Dist. LEXIS 119801 (E.D. Cal. Oct. 17,
2011) ................................................................................................10, 12, 15

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

**Page(s)**

**STATUTES, RULES AND REGULATIONS**

United States Code
28 U.S.C. § 84(c) ................................................................................15
28 U.S.C. § 1332 .............................................................................6, 15
28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 ("CAFA")).....*passim*
28 U.S.C. § 1332(d)(5) ..........................................................................6
28 U.S.C. § 1441(a) ............................................................................15
28 U.S.C. § 1446(a) ............................................................................15
28 U.S.C. § 1446(b) ..............................................................................7
28 U.S.C. § 1446(d) ............................................................................15

California Business and Professions Code
§§ 17200 et seq. (Unfair Competition Law)....................................11, 12

California Code of Civil Procedure
§ 415.20.................................................................................................6

California Labor Code
§ 201......................................................................................................6
§ 202......................................................................................................6
§ 203......................................................................................................6
§ 203(a) ...............................................................................................13
§ 204......................................................................................................6
§ 210......................................................................................................6
§ 226...................................................................................................13
§ 226(a) ...........................................................................................6, 13
§ 226.7..............................................................................................6, 11
§ 226.7(c) .......................................................................................11, 12
§ 510......................................................................................................6
§ 512(a) .................................................................................................6
§ 1194...................................................................................................6
§ 1194.2...............................................................................................10
§ 1197...................................................................................................6
§ 1197.1................................................................................................6
§ 1198...................................................................................................6
§ 2800...................................................................................................6
§ 2802...................................................................................................6

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Autism Behavior Services, Inc. ("Defendant" or "ABSI") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332 based on the Class Action Fairness Act of 2005 ("CAFA"). Defendant states that removal is proper for the following reasons:

**I.      PROCEDURAL HISTORY**

1.      On September 12, 2024, Plaintiff Destiny Archuleta ("Plaintiff" or "Archuleta"), on behalf of herself and all others similar situated, filed a class action complaint (the "Complaint") in the Superior court for the County of Los Angeles entitled *Destiny Archuleta, individually, and on behalf of other similarly situated employees, v. Autism Behavior Services Inc.; and Does 1 through 25, inclusive*, Case No. 24STCV23664 ("State Court Action"). The Complaint purports to state causes of action on behalf of Plaintiff and the putative class members for: (1) violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (2) violation of Cal. Labor Code §§ 510 and 1198; (3) violation of Cal. Labor Code §§ 226.7 and 512(a); (4) violation of Cal. Labor Code § 226.7; (5) violation of Cal. Labor Code § 204 and 210; (6) violation of Cal. Labor Code § 226(a); (7) violation of Cal. Labor Code §§ 201, 202, and 203; (8) violation of Cal. Labor Code §§ 2800 and 2802; and (9) violation of Cal. Business and Professions Code §§ 17200 *et seq.*

2.      On October 1, 2024 Plaintiff performed substituted service and mailed the Summons, Complaint, and notices and forms from the State Court Action to a business location of the Defendant. A true and correct copy of these documents is attached as **Exhibit A** to the Appendix, filed concurrently herewith. *See*, Declaration of Jason P. Brown ("Brown Decl."), ¶3.  *See* Cal. Code Civ. Proc., § 415.20.

///

///

3. On November 11, 2024, Defendant filed and served its Answer to the Complaint. A true and correct copy of these documents is attached as **Exhibit A**. *See,* Brown Decl. ¶3.

4. The documents attached as Exhibit A constitute all pleadings, process, and orders served on and by Defendant in the State Court Action.

## II. TIMELINESS OF REMOVAL

5. This Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because it is being filed within 30 days of the substituted service of the Complaint on Defendant.

## III. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

6. Written notice of this Notice of Removal to the United States District Court for the Central District of California will be served on Plaintiff's counsel of record at the Law Office of Blackstone Law, APC. A true and correct copy of Defendant's Notice to Adverse Party of Removal of Civil Action to Federal District Court is attached as **Exhibit B** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Brown Decl., ¶5.

7. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles. A true and correct copy of Defendant's Notice to the Court of Removal of Civil Action to Federal District Court is attached as **Exhibit C** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Brown Decl., ¶6

8. Proofs of Service of Defendant's Notice of Removal to Federal District Court to Adverse Parties and Notice of Removal to the Superior Court of the State of California, County of Los Angeles will be filed with this Court immediately. *See,* Brown Decl., ¶7.

## IV. REMOVAL IS BASED ON CAFA JURISDICTION

9. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"). CAFA, 28 U.S.C. § 1332(d)(2) and (5), provides that

6

a district court shall have original jurisdiction over a class action if (1) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the action involves one hundred (100) or more putative class members; and (3) any member of the putative class is a citizen of a state different from any defendant (minimal diversity).

### A. Size of the Class

10. ABSI has employed approximately 1,325 putative class members during the class period as measured from Company data for the purposes of this submission to the Court during the four-year period of September 12, 2020 to September 12, 2024 ("Class Period") claimed to be at issue in the Complaint. Complaint at ¶24; Declaration of Claire Norris in Support of Removal under the Class Action Fairness Act of 2005 ("Norris Decl.") ¶4. This satisfies the numerosity requirement under CAFA as it exceeds the minimum of 100 class members.

### B. Minimal Diversity

11. Minimal diversity of citizenship is also established under CAFA. The putative class of approximately 1,325 putative class members contains citizens of various states including Washington, Arizona, Tennessee, and New Mexico whereas ABSI is a citizen of the State of California. Norris Decl., ¶4.

12. Under Section 1332(d)(2) of CAFA, only one member of the putative class must be a citizen of a state different from any defendant. Because ABSI is a citizen of California and many members of the putative class are citizens of different states, the minimal diversity requirement of CAFA is met.

### C. Amount in Controversy

13. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which under CAFA is $5,000,000 in the aggregate. See, e.g., *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-840 (9th Cir. 2002).

///

14.    The U.S. Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014) held that a defendant's notice of removal under CAFA need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   Should Plaintiff challenge defendant's assertion of the amount in controversy, at that stage as part of a remand challenge the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million, where, as here, the damages are unstated in the complaint. *Ibarra v. Manheim, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

15.    Although ABSI reserves all rights and defenses and denies that this action is suitable for class action treatment, the amount in controversy requirement is derived from the complaint as pled, which in this class action, in the aggregate, places in controversy an amount well in excess of **$5,000,000**.

16.    The amount of controversy in this matter is, based on a conservative estimate as set forth in greater detail below:

**D.    Baseline Facts**

17.    During the Class Period (*i.e.*, September 12, 2020 to September 12, 2024), ABSI has employed approximately 1,325 class members ("Putative Class") based on the two sub classes defined in the Complaint. Norris Decl. at ¶4; Complaint at ¶¶24,25.

18.    During the Class Period, the Putative Class typically worked a minimum of three workdays per week.  Norris Decl. at ¶6.

19.    The average hourly rate of pay for this Putative Class during the Class Period was $19.10 per hour. Norris Decl. at ¶5.

20.    The Putative Class has a relatively high turnover figure due to the nature of the work and entry level of most of the employees, with approximately 1,068 members of the Putative Class leaving their employment with ABSI during the Class Period.  Norris Decl. at ¶9.

21.    During the Class Period, Defendant issued approximately 26,727 wage statements to members of the Putative Class. Norris Decl. at ¶10.

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

22. During the Class Period, the Putative Class worked approximately 56,348 workweeks, and 169,044 workdays/shifts based on the minimum calculation of three workdays/shifts per week. Norris Decl. at ¶6. Many putative class members work more workdays than that, but this figure is provided here as a conservative floor for purposes of the analysis in this removal that is not reasonably subject to dispute. *Id.*

**E. Minimum Wage Claims**

23. Plaintiff alleges that all of the members of the putative class were frequently suffered or permitted to work off the clock prior to clocking in and after clocking out. Complaint at ¶34.

*24.* Plaintiff alleges that, due to a practice of rounding the time clocks that Plaintiff and some or all of the Putative Class were systematically unpaid or underpaid for time worked over the course of their employment. *Id* at ¶35.

25. Plaintiff's allegation of a systematic underpayment to the Putative class would conservatively result in potential damages of one hour of work unpaid for 50% of shifts worked during the class period. *See Stevenson v. Dollar Tree*, No. 2:11-cv-1433, 2011 U.S. Dist. LEXIS 119801 (E.D. Cal. Oct. 17, 2011) (reasonable to estimate a fifty percent violation rate where Plaintiff's alleged that the class members were "routinely" subject to it.) Plaintiff would likely argue that her use of "systematic" and "frequent" in the complaint suggest a violation rate *higher* than 50%. Thus, it is conservative to state for purposes of determining the amount in controversy for this removal, that at the average rate of pay, that total liability is $1,352,352 (50% of all workdays/shifts x 1 hour underpaid at the minimum wage owed ($16.00/hr)).

26. Furthermore, Plaintiff alleges liquidated damages pursuant to California Labor Code section 1194.2, which if proven places an amount in controversy that doubles the minimum wage violation to a total amount in controversy for minimum wage violations to the Putative Class at **$2,704,704** (minimum wage liability x 2).

///

///

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

### F.  Overtime Claims

27.  Plaintiff alleges several theories for why overtime wages might be owed, including as a result of alleged off the clock work, mischaracterization or incorrect recording of time worked, or omitting overtime from time calculations without pinpointing any violation that occurred to the Plaintiff or any Putative Class member.

28.  Nonetheless, a reasonable extrapolation from Plaintiff's unpaid wages claim suggests that the time unpaid for overtime is equal to or consistent with the other unpaid time as the theories of liability (rounding, mis recording, off-the-clock work pressure) are included in the overtime liability allegations.

29.  Accordingly, it is a reasonable interpretation of Plaintiff's complaint that she seeks an overtime premium for those same unpaid hours, which as paid at 0.5x the amount unpaid, equals an additional floor of liability in the amount of an overtime premium at **$807,185** ($19.10/hr x 0.5 premium multiplied by 84,522, which is fifty percent of their workdays).  Very likely Plaintiff is seeking a higher amount of unpaid overtime; thus, this is a conservative estimate.

### G.  Meal Period Claims

30.  The Complaint alleges that "Plaintiff and other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Complaint, ¶53. The Complaint seeks the recovery of one hour's wages for each meal period the Proposed Class missed pursuant to Labor Code section 226.7, plus interest. ¶59. Specifically, Labor Code section 226.7(c) provides a penalty of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." The meal period claim brought under the Unfair Competition Law is subject to a four-year period of limitations. *Tajonar*, *supra*, 2015 U.S. Dist. LEXIS 86697.

///

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

31.    Based on the allegations in the Complaint, Defendant continues its conservative approach, for the purpose of this analysis only, that the Putative Class members were not provided one meal period fifty percent of their workdays. *Stevenson v. Dollar Tree*, No. 2:11-cv-1433, 2011 U.S. Dist. LEXIS 119801 (E.D. Cal. Oct. 17, 2011) (reasonable to estimate that fifty percent of meal periods were missed because the plaintiff alleged that "members of the class were 'routinely' denied meal periods" as part of a policy and practice).

32.    Based thereon, the premium pay for the 1,325 employees is calculated as approximately **$1,614,370** (their average hourly rate of $19.10 multiplied by 84,522, which is fifty percent of their workdays).

**H.    Rest Period Claims**

33.    The Complaint alleges that "Defendants routinely required Plaintiff and the other Class Member to work three and one-half (3 ½) or more hours without authorizing or permitting a client ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked." Complaint, ¶64. The Complaint seeks the recovery of one hour's wages for each rest period the Proposed Class missed. Complaint, ¶69. Specifically, Labor Code section 226.7(c) provides a penalty of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." The rest period claim brought under the Unfair Competition Law is subject to a four-year period of limitations. *Tajonar*, *supra*, 2015 U.S. Dist. LEXIS 86697.

34.    The same math applies as with the meal period claim set forth in the prior section, as Defendant conservatively assumes for the purpose of this analysis only that the putative class members were not allowed one rest period fifty percent of their workdays, based on the allegation that the non-provision of rest periods occurred "routinely" during the Class Period. Based thereon, the premium pay for missed meal periods that is at controversy for the putative class is calculated as **$1,614,370** (their average hourly rate of $19.10 multiplied by 84,522, which is fifty percent of their

11

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

workdays).

## I.    Untimely Wage Penalties

35.    California law provides that if an employer willfully fails to pay the wages of an employee who is discharged or quits, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid … but the wages shall not continue for more than 30 days." Cal. Labor Code § 203(a). The Complaint alleges that Defendant has refused and continue to refuse to pay all wages earned to Plaintiff and members of the putative class who are no longer employed by Defendant. Complaint, ¶85.

36.    Plaintiff has a pled a subclass of former employees, which numbers 1,068 former ABSI employees who as alleged by Plaintiff are owed 30 days of waiting time penalties for having separated their employment without having been paid all wages owed.  This is a large figure that nearly covers the entire CAFA amount in controversy requirement just on this claim.

37.    The amount in controversy on this claim is $4,895,712.  This figure is based on daily rate of pay ($19.10/hr x 8 hours = $152.80) x 30 days = $4,584.00 per sub class member.  See *Mamika v. Barca*, 68 Cal.App.4th (1998) (daily rate calculated by multiplying hourly rate by hours worked each day, and then the daily rate is multiplied by the number of days of nonpayment, up to 30 days).  This number is then multiplied by the subclass of 1,068 former ABSI employees. Even conservatively applying this to only 50% of the subclass of former employees, which Plaintiff is almost certainly unwilling to cap accordingly, the amount in controversy on this claim would equal **$2,447,856.**

## J.    Wage Statement Penalties

*38.*    Pursuant to Labor Code §226(a) Plaintiff alleges that the Putative Class was deprived of complaint wage statements, which results in an amount in controversy equal to penalties under the California Labor Code as provided in Labor Code § 226. Complaint at ¶¶76-81.  Those penalties equal $50 for the first violating pay period, and

FP 52837814.6

$100 per subsequent violation to an aggregate of $4000 per putative class member. *Id.*

39. During the Class Period, Defendant issued approximately 26,727 wage statements to members of the Putative Class. Norris Decl. at ¶10. There are 1325 members of the class, and thus an equivalent number of "first" violated pay periods at issue, with the remainder being subsequent pay periods. Thus, a calculation of the amount in controversy for the Putative Class is (26,727 x $100) – (1325 x $50) = $2,606,450. Conservatively applying this to only 50% of the class, which Plaintiff is almost certainly unwilling to cap accordingly, that figure is **$1,303,225.**

### K. Remaining Causes of Action Also Invoke Amounts in Controversy Albeit Speculative

40. Plaintiff's Fifth Cause of Action claims penalties for wages not timely paid during employment. Complaint at ¶¶70-75. Plaintiff only pleads entitled to all available remedies, including statutory penalties, without stating how or in what amount they should be calculated.

41. Plaintiff's Eighth Cause of Action claims unpaid business expenses for the class without providing any detail as to what expenses were not paid, when, why, or in any frequency. This claim would place some amount in controversy but it is too speculative to calculate based on the pleading.

### L. Attorneys' Fees

42. When the underlying substantive law provides for an award of attorneys' fees, the removing party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (4th Cir. 2018)*; see also Lucas v. Michael Kors (USA), Inc.*, No. CV 18*1608, 2018 U.S. Dist. LEXIS 78510.

43. Plaintiff has sought attorneys' fees in the Complaint which in class action cases is ordinarily measured by the Court as a percentage as the overall amount sought to be recovered. A conservative benchmark is a 25 percent fee award for attorneys' fees calculated on a percentage of the recovery basis. *Stafford v. Dollar Tree Stores*, No.

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

2:13-cv-01187, 2014 U.S. Dist. LEXIS 42564 (E.D. Cal. March 28, 2014).; *Stevenson v. Dollar Tree*, No. 2:11-cv-1433, 2011 U.S. Dist. LEXIS 119801 (E.D. Cal. Oct. 17, 2011). Thus applied, the amount in controversy is increased by 25% to account for Plaintiff's sought recovery of fees.

**M.    Conclusion on Amount in Controversy**

44.    In the aggregate among Plaintiff's causes of action, and based on Defendant's conservative application here, the amount in controversy for the class as alleged in premium pay and penalties on the various claims is: **$9,684,525.00** even when discounting the frequency of the claimed liability by 50%, which surely Plaintiff is unwilling to so cap. To that figure an additional 25% can be included to account for the benchmark for attorney's fees in controversy. Thus, the amount that Plaintiff has placed in controversy in this class action is well in excess of the jurisdictional threshold of $5,000,000.

45.    Accordingly, minimal diversity, class size, and the amount in controversy under CAFA are satisfied pursuant to 28 U.S.C. § 1332, and therefore ABSI has properly removed this State Court Action to this Court.

**V.    VENUE**

46.    Plaintiff originally filed this action in the Superior Court of the State of California, County of Los Angeles. The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California. Therefore, venue also lies in the Central District of this Court pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

**VI.    SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

47.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

14

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6

**WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  November 12, 2024          Respectfully submitted,

                                   FISHER & PHILLIPS LLP

By:   */s/ Jason P. Brown*
NATHAN K. LOW
JASON P. BROWN
Attorneys for Defendant
AUTISM BEHAVIOR SERVICES INC.

15

DEFENDANT AUTISM BEHAVIOR SERVICES INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28. U.S.C. §§ 1332 (D)(2) AND (5)

FP 52837814.6