JS-6

# United States District Court
# Central District of California
# Western Division

DESTINY ARCHULETA, *etc.*,

Plaintiff,

v.

AUTISM BEHAVIOR SERVICES INC., *et al.*,

Defendants.

CV 24-09747 TJH (PDx)

## Order

The Court has considered Plaintiff Destiny Archuleta's motion to remand [dkt. # 17], together with the moving and opposing papers.

From approximately December, 2020, through January, 2022, Archuleta worked for Autism Services as a technician.

On September 12, 2024, Archuleta filed this putative class action wage and hour case in the Los Angeles County Superior Court against Defendant Autism Behavior Services Inc. ["Autism Services"] on behalf of herself and all current and former hourly and/or non-exempt employees who worked for Autism Services in California from four years prior to the filing of this case through entry of the final judgment. Archuleta alleged that Autism Services violated various provisions of the California Labor Code and the California Business and Professions Code because it, *inter alia*, failed to pay all

wages owed, provide meal and rest periods, and timely pay all wages due upon termination of employment.

On November 12, 2024, Autism Services removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) [“CAFA”]. In its notice of removal, Autism Services alleged that CAFA’s removal requirements were met because (1) there were more than 100 putative class members; (2) the amount in controversy exceeded $5,000,000.00; and (3) there was minimal diversity between the parties. In support of its notice of removal, Autism Services provided a declaration, dated November 11, 2024, from Claire Norris, its director of human resources, stating that: (1) Autism Services employed approximately 1,325 non-exempt employees during the class period; (2) “[M]embers of the [p]utative [c]lass claim residency in Washington, Arizona, Tennessee, and New Mexico among other states”; and (3) Approximately 1,068 members of the putative class left their employment with Autism Services between September 12, 2020, and September 12, 2024.

On May 23, 2025, in response to Archuleta’s informal discovery request, Autism Services produced an unauthenticated list of information regarding putative class members [“the List”]. The List did not include employees’ names. Rather, the List included columns entitled “Last Known State of *Resi*”; “Position_Title”; “Last Known Work_Location”; “Pay_Frequency”; and “Pay_Type” with corresponding entries for each of 1,328 employees. Neither party addressed the obvious shortcomings of the heading entitled “Last Known State of Resi”. For now, the Court will assume that that heading reflects each employee’s last known state of residence.

Of the 1,328 putative class members listed on the List, only five had a last known state of residence other than California. Two of those five putative class members resided in Nevada, two resided in Texas, and one resided in Wyoming. The Court took note that the states of residency identified on the List differed significantly from the states identified in Norris’s prior declaration submitted in support of Autism Service’s notice of removal, but neither party addressed those differences.

On May 28, 2025, at a meet and confer session, the parties discussed the fact that the List was not authenticated. Consequently, Autism Services agreed to provide a declaration authenticating the List. Thereafter, Autism Services presented another declaration from Norris, dated December 4, 2025, stating that the List "reflects the last known states of domicile of the putative class members ... ." Again, neither party commented on the discrepancy between Norris's second declaration, which used domicile, and the List, which used "Last Known State of Resi".

Archuleta, now, moves to remand.

The removing party has the initial burden of establishing federal jurisdiction in the notice of removal. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). A plaintiff may challenge the removal by filing a motion to remand. 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on procedural defects in the removal process must be filed within 30 days of the filing of the notice of removal. *Northern Calif. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). However, a motion based on the lack of subject matter jurisdiction may be raised at any time before final judgment. 28 U.S.C. § 1447(c). Because Archuleta's motion to remand is not based on a procedural defect, it is timely.

Challenges to subject matter jurisdiction may be facial or factual. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *NewGen*, 840 F.3d at 614. If a facial issue can be remedied by an amendment that could cure the deficient jurisdictional allegations, the Court is authorized to grant leave to amend pursuant to 28 U.S.C. § 1653. *NewGen*, 840 F.3d at 614. In contrast, a factual attack challenges the truth of the jurisdictional allegations, and triggers the defendant's obligation to produce evidence to establish that the Court, indeed, has subject matter jurisdiction. *NewGen*, 840 F.3d at 614. Thus, only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

Archuleta argued that this case should be remanded because Autism Services failed to establish minimal diversity, which is a factual attack. Accordingly, the burden is on Autism Services to produce evidence to establish that the Court, indeed, has subject matter jurisdiction over this case. *See NewGen*, 840 F.3d at 614.

If the Court determines that minimal diversity exists, here, Archuleta, further, argued that this case falls under the home state exception to CAFA jurisdiction.

**CAFA Jurisdiction**

Pursuant to 28 U.S.C. § 1332(d)(2)(A), the Court has subject matter jurisdiction over a CAFA class action where (1) there are at least 100 class members in the aggregate; (2) the aggregate amount in controversy exceeds $5,000,000.00; and (3) minimal diversity exists. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). Archuleta did not challenge the amount in controversy or that there are at least 100 putative class members, here. Consequently, the Court will focus on whether minimal diversity exists, here.

**Minimal Diversity**

Pursuant to 28 U.S.C. § 1332(d)(2)(A), CAFA jurisdiction requires only minimal diversity. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005). Minimal diversity exists where (1) any one putative class member is a citizen of a state different from any defendant; (2) any one putative class member is a foreign state or a citizen or subject of a foreign state, and any defendant is a citizen of a state; or (3) Any putative class member is a citizen of a state, and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).

Residency is not equivalent to citizenship. *Ehrman,* 932 F.3d 1223, 1227. A person's state of citizenship is based on her state of domicile, not her state of residence. *Ehrman.* A person's domicile is her permanent home where she resides with the intention to remain or to which she intends to return. *Ehrman.* A person who resides in a state is

not necessarily domiciled in that state. *Ehrman.*

In its notice of removal, Autism Services alleged that minimal diversity exists, here, because the putative class includes *citizens* of various states, including Washington, Arizona, Tennessee, and New Mexico.

**Autism Service's Citizenship**

A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the state where the corporation's board of directors and high level officers direct, control and coordinate its activities, and is often referred to as the corporation's nerve center. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).

In its notice of removal, Autism Services conclusory alleged that it is a citizen of the State of California. It did not allege its state of incorporation or its principal place of business. *See Hertz* . Instead, it cited to the declaration of Norris, its human resources director, filed in support of the notice of removal. In her declaration, Norris stated that Autism Services is incorporated in California, and that "the majority of the Company's corporate officers work from its headquarters in Lake Forest, California, and direct and coordinate the Company's activities from its headquarters in California."

Norris's declaration did not sufficiently establish the location of Autism Service's principal place of business. Norris's declaration did not identify Autism Services' principal place of business, its nerve center, or the location from where Autism Services' board of directors and high level officers direct, control and coordinate its corporate activities. *See Hertz.*

Because that pleading deficiency is a facial defect, not a factual defect, it would be subject to amendment. *See NewGen*, 840 F.3d at 614. However, that is not the only deficiency here. The Court will proceed on the assumption that Autism Services is a California corporation with its principal place of business in California.

**Citizenship of Putative Class Members**

Diversity jurisdiction is based on facts that existed as of the date of removal.

*Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). Consequently, in determining whether minimal diversity exists, here, the Court must consider the citizenship of the parties as of the date of removal – November 12, 2024. *See Mondragon*.

In support of its opposition, Autism Services provided a declaration, dated February 4, 2026, from putative class member Annaleece Perez. Perez declared that she was employed by Autism Services from July 6, 2023, to May 27, 2025, and that she currently resides in Oregon, and had lived in Oregon since June, 2025. Because Perez's declaration is silent as to where she resided, let alone where she was domiciled, on November 12, 2024, the date of removal, her declaration does not establish that her citizenship was diverse from Autism Services' citizenship. *See Mondragon*.

Moreover, the List failed to establish the citizenship of any of the putative class members because it provided only the last known state of residency for each of the putative class members. The List did not identify any class member's domicile, let alone prove domicile by a preponderance of the evidence. *See Mondragon*, 736 F.3d at 884.

Further, the December 4, 2025, declaration of Norris, which stated that the List contained the domicile for each of the putative class members is not sufficient to override the List's notation that the identified states are the putative class members' last known state of residence. Even if the List's heading was Domicile, that, by itself, would not be sufficient evidence of any putative class member's intent to remain in, or return to, that state. *See Ehrman,*932 F.3d 1223, 1227.

Accordingly, Autism Services failed to produce competent proof that establishes, by a preponderance of the evidence, the existence of minimal diversity. *See Leite.* Consequently, the Court lacks subject matter jurisdiction over this case, thereby requiring this case to be remanded.

**Attorneys' Fees**

Archuleta requested an award of $7,500.00 for attorneys' fees upon remand.

Pursuant to 28 U.S.C. § 1447(c), upon granting a motion to remand, the Court may

award reasonable attorneys' fees to the plaintiff for fees incurred as a result of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 132; *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

Here, there was an objectively reasonable basis for removal. However, Autism Services failed to introduce sufficient evidence to support that objectively reasonable basis.

Consequently, the request for attorneys' fees will be denied.

Accordingly,

**It is Ordered** that Plaintiff's motion to remand be, and hereby is, **Granted**.

**It is further Ordered** that Plaintiff's motion for attorneys' fees be, and hereby is, **Denied**.

Date: August 5, 2026

Terry J. Hatter, Jr.

**Terry J. Hatter, Jr.**
**Senior United States District Judge**